**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MAMADOU NDIAYE,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN DENNIS SULLIVAN, et al.,<br><br>Respondents. | CASE NO. 3:26-CV-02817-JRK<br><br>JUDGE JAMES R. KNEPP, II<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**REPORT AND RECOMMENDATION** |

On October 27, 2026, Petitioner Mamadou Ndiaye filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. (ECF #1). He asserts his continued detention in Immigration and Customs Enforcement (ICE) custody pending his removal is unlawful and requests his release. (*Id.* at PageID 5-8). On November 4, 2026, this case was referred to me under Local Civil Rule 72.2 for preparation of a Report and Recommendation. (ECF #4). On November 13, 2026, I ordered Respondents to show cause why the writ should not be granted. (ECF #5).

On November 20, 2026, Respondents filed a notice stating that "ICE has determined that, pursuant to *Lopez-Campos* [*v. Raycraft*], 175 F.4th 713 [6th Cir. 2026], Petitioner's detention is now governed by 8 U.S.C. § 1226(a). Based on *Lopez-Campos*, Petitioner has a due process right under [8 U.S.C.] § 1226(a) to a bond hearing. *Id.* at 734." (ECF #7 at PageID 52). To that end, ICE's motion to reopen Mr. Ndiaye's removal proceedings before the Immigration Judge was granted on November 3, 2026. (*Id.*). Respondents request that "the Court should order a bond hearing to be conducted by an immigration judge under 8 U.S.C. § 1226(a). Respondent respectfully requests

that such a bond hearing occur no earlier than ten days from the issuance of the order." (ECF #7 at PageID 52).

I take judicial notice that immigration court records confirm Mr. Ndiyae's hearing is scheduled for December 28, 2026. I also note that date is consistent with Respondents' request that the bond hearing occur "no earlier than ten days after the issuance of the order" that they request (assuming timely action by this Court). (*Id.*).

In light of Respondents' position, I recommend the District Court **GRANT** Mr. Ndiaye's petition and require Respondents to hold a custody redetermination hearing no earlier than 10 days from the Court's judgment accepting this Report and Recommendation, assuming the District Court does so. At the hearing, the Immigration Judge must determine whether Petitioner may be released from ICE custody consistent with the provisions of Title 8 of the United States Code.

Dated: November 20, 2026

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

## OBJECTIONS, REVIEW, AND APPEAL

**Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.**

**Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a**

subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-cv-186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).